IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISON

| | | |
|---|---|---|
| COLLEEN MICHELLE ADAMS, | ) | CASE NO. 1:19-CV-01310 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | MEMORANDUM OPINION AND |
| SECURITY, | ) | ORDER |
| | ) | |
| | ) | |
| Defendant. | | |

**<u>Introduction</u>**

Before me[1] is an action by Colleen Michelle Adams under 42 U.S.C. § 405 seeking judicial review of the 2019 decision of the Commissioner of Social Security that denied Adams's 2017 applications for disability insurance benefits and supplemental security income.[2] The Commissioner has answered[3] and filed the transcript of the administrative proceedings.[4] Pursuant to my initial[5] and pre-trial[6] orders the parties have briefed their

---

[1] The parties have consented to my exercise of jurisdiction (ECF No. 10) and the matter was transferred to me by United States District Judge Christopher A. Boyko.
[2] ECF No. 1.
[3] ECF No. 11.
[4] ECF No. 12.
[5] ECF No. 6.
[6] ECF No. 13.

1

positions,[7] filed charts and fact sheets,[8] met and conferred with a goal of reducing the matters at issue,[9] and participated in a telephonic oral argument.[10]

For the following reasons the decision of the Commissioner will be reversed and the matter remanded.

## Facts

The relevant facts in this single-issue matter are undisputed and simply stated. Adams, who was born in 1978,[11] is a single mother of three who lives with the children and a boyfriend.[12] She formerly worked as a pre-school teacher, administrative assistant, teller, and brokerage clerk.[13] At the hearing the ALJ found severe impairments of post-percutaneous screw fixation right femoral neck fracture; post L5-S1 bilateral laminotomy and foraminotomy; mild C5-6 degenerative disc disease without significant canal or foraminal stenosis; fibromyalgia; Reynaud's syndrome; migraines; post transischemic attack; postural orthostatic tachychardia syndrome; hypothyroidism; essential hypertension; obesity; and depression.[14] The ALJ found that none of the impairments met

---

[7] ECF Nos. 14 (Adams), 18 (Commissioner), 23 (Adams reply).
[8] ECF Nos. 15 (Adams); 18, Attachment 1 (Commissioner).
[9] ECF No. 24.
[10] ECF No. 27.
[11] Tr. at 23.
[12] *Id*. at 20.
[13] *Id*. at 23.
[14] *Id*. at 18-19.

or medically equaled a listing and that the depression did not meet the "paragraph B or C" criteria Listing 12.04.[15]

The ALJ then determined that Adams has an RFC to perform sedentary work except that she cannot frequently operate right and left hand controls; can occasionally reach overhead with the right and left hand; can frequently reach in all other directions with the right and left hand, as well as frequently finger with both hands.[16] In addition, Adams can occasionally climb ramps and stairs as well as balance, stoop, crawl, kneel or crouch, but can never climb ladders, ropes or scaffolds, never be exposed to unprotected heights, moving mechanical parts, or operate a motor vehicle.[17] Moreover, Adams may not have frequent exposure to extreme cold or be able to work in a loud noise environment.[18] He work is further limited to performing simple, routine, and repetitive tasks, but not at a production rate pace.[19] Finally, Adams is limited to simple work related decisions in using her judgment and dealing with changes in the work environment, while also able to frequently interact with the supervisors, co-workers and public.[20]

At issue here is the finding at Step Five. With the testimony of a VE, the ALJ concluded that a sufficient number of three jobs exist in the national economy for Adams.[21] Adams's counsel objected to this testimony at the hearing as being a "surprise" and later

---

[15] *Id*. at 19-20.
[16] *Id*. at 20-21.
[17] *Id*. at 21.
[18] *Id.*
[19] *Id.*
[20] *Id.*
[21] *Id*. at 24.

3

argued that the three jobs cited by the VE by reference to the DOT are not unskilled jobs under another vocational source, the more recent postings of the Department of Labor (O*NET).[22] The ALJ, relying on the testimony of the VE as based on the DOT, overruled the objections and found Adams not to be disabled.[23]

## Analysis

As noted, this case presents a single issue for judicial review – whether the ALJ erred in relying on the VE's testimony when addressing Adams's objections.[24] In that regard, Adams clarifies this issue to mean that the ALJ erred by inadequately discussing the reasons for overruling the objections and so depriving the reviewing court of its ability to perform meaningful judicial review.[25]

For her part Adams essentially asserts that she made two post-hearing objections: (1) that according to Adams's retained vocational counselor the three jobs cited by the VE required "level 3" reasoning skill, which was inconsistent with the RFC's requirement that Adams be limited to simple, routine and repetitive work in that level 3 reasoning requires the ability carry out written, oral, or diagramed instructions;[26] and (2) that the named jobs are no longer considered to be performed at the unskilled level, as is shown in the 30 year-old DOT, but now require a higher level of skill, as is shown in O*NET.[27] To that point

---

[22] *Id*. at 451.
[23] *Id*. at 25-26.
[24] ECF No. 14 at 1.
[25] *Id*. at 5.
[26] *Id*. at 9.
[27] *Id*. at 10.

she states that the "outdatedness of the DOT" is "well-known" to the Commissioner and has been the subject of multiple projects to replace it.[28]

She argues that instead of directly addressing these points the ALJ first dealt with non-issues such as what constitutes "surprise" testimony or whether the VE was "qualified."[29] Next she contends that ALJ misconstrued SSR 00-4p as only involved with whether a VE's testimony is "consistent with the DOT," whereas SSR 00-4p emphasizes that the ALJ must be sure that the vocational information used is "reliable," which may require addressing a conflict between the evidence and the DOT since neither "trumps" the other.[30] Finally, Adams asserts that the ALJ's attempt to discredit her independent vocational counselor improperly rests on a statement – made without cited authority – that the independent counselor was not sworn and may have been compensated.[31]

Of these the final point about the lack of a sworn statement was conceded by the Commissioner at the oral argument of this case to be weak. As was noted, if that was the only objection – or the most significant one – the ALJ could have re-opened the hearing to swear in the witness. More significant is the question of whether the ALJ here properly relied on the DOT as a trump card to ignore other evidence from O*NET.

The Commissioner does not contest that these three jobs may not be classified as unskilled in the current O*NET but states that this does not rebut the VE's testimony that

---

[28] *Id.*
[29] *Id.* at 13-16.
[30] *Id.* at 16-17.
[31] *Id.* at 17.

5

the jobs are classified as unskilled in the DOT.[32] He continues by acknowledging that while the ALJ did not "separately address" Adams's claims about the conflict between the DOT and O*NET, he nevertheless contends that DOT is the "primar[y]" source used for work information about jobs in the national economy and further notes that a ten year-old report on O*NET (2010) concluded that this source was not suitable in its present form for disability adjudications.[33]

That said, I further observe that I have another judicial review of a social security decision that also involves the issue of how the O*NET is to be considered at Step Five where its description of job function may differ from that of the DOT.[34] Further complicating the picture is the fact that the current claimant's attorney, who is also the claimant's attorney in *Murnahan,* presented an O*NET argument almost exactly a year ago to Magistrate Judge Ruiz of this Court in *Zimmerman v. Commissioner of Social Security*[35] and in *Townsend v. Commissioner of Social Security*,[36] a 2018 case decided by Magistrate Judge Parker. The *Murnahan* case will be addressed on its own terms, but fortunately for the present analysis *Zimmerman* can be distinguished on its facts while *Townsend* provides a roadmap.

---

[32] *Id*. at 14.

[33] *Id*. at 16. It is interesting to note, as did Adams, that the Commissioner has taken the contrary position in other cases that O*NET can be a reliable basis for a VE's opinion. ECF No. 23 at 2-3 (citing cases).

[34] *Julia Renee Murnahan v. Commissioner of Social Security*, 3:19-cv-1348

[35] 2019 WL 4736267 (N.D. Ohio Sept. 27, 2019).

[36] 2018 WL 5808745 (N.D. Ohio Nov. 6, 2018).

In *Zimmerman* Magistrate Judge Ruiz was careful to point out that the claimant's counsel had a full opportunity to cross-examine the VE but did not as to any purported deficiencies in the DOT as concerns jobs that the O*NET describes differently.[37] Claimant's counsel also had the opportunity at the hearing, but did not use it, to ask for the record to remain open for additional evidence.[38] In the situation present in *Zimmerman*, Magistrate Judge Ruiz found no obligation existed for the ALJ to specifically address post-hearing objections to the VE's testimony.[39]

By contrast, *Townsend* involved a situation where the VE's testimony was challenged at the hearing, specifically as to whether the claimant could actually perform the functions of one of the jobs cited by the VE.[40] The VE admitted during that cross-examination that the claimant could not perform the job duties in that one position.[41] But, as Magistrate Judge Parker observed, although the ALJ acknowledged inconsistencies between the VE's testimony and the DOT and further acknowledged her responsibility as the ALJ to resolve such conflicts, the ALJ failed to do resolve anything when she simply claimed that the VE's testimony was consistent with the DOT when it wasn't.[42] In short, *Townsend* holds that when the VE's testimony is challenged at the hearing, SSR 00-04p

---

[37] 2019 WL 4736267, at * 7.
[38] *Id*.
[39] *Id*.
[40] 2018 WL 5808745, at *6.
[41] *Id*. Of the three named jobs the VE conceded that the claimant could not perform one of them and further that another was not in the DOT. *Id*. at 8.
[42] *Id*. at **8-9.

7

requires a remand where the ALJ failed to adequately explain how he resolved any conflict between the VE's testimony and the DOT and when this error was not harmless.[43]

Here, Adams's counsel made an on the record request at the hearing that he be allowed to file a post-hearing brief containing his response to the VE's testimony and the ALJ agreed to hold the record open.[44] Thus, this situation is unlike *Zimmerman* and is analogous to *Townsend*. The Adams's argument concerning inconsistencies between the VE's testimony and the DOT was presented while the hearing was held open and so needed to be addressed by the ALJ under SSR 00-04p in a manner that resolves the conflict with an adequate explanation. Simply inferring some kind of supremacy inherent in the DOT is not an adequate explanation of a resolution.[45]

## **Conclusion**

For the reasons stated, the decision of the Commissioner is reversed and the matter remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

Dated: September 30, 2020             s/William H. Baughman, Jr.
                                                                     United States Magistrate Judge

---

[43] *Id.*
[44] Tr. at 69.
[45] *Townsend,* 2018 WL 5808745, at * 7.